UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT A.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01372-JPH-TAB |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,[2] | ) |
| | ) |
| Defendant. | ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff, Robert A., seeks judicial review of the Social Security Administration's decision denying his petition for Disability Insurance Benefits and Supplemental Security Income. He argues, among other things, that the ALJ's decision failed to account for his moderate limitations in concentration, persistence, and pace. *See* dkt. 13 at 4. For the reasons that follow, the decision is **REVERSED and REMANDED** for further proceedings.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] Under Federal Rule of Civil Procedure 25(d), after the removal of Andrew M. Saul from his office as Commissioner of the SSA on July 9, 2021, Kilolo Kijakazi automatically became the Defendant in this case when she was named as the Acting Commissioner of the SSA.

# I.
# Facts and Background

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income in March 2017, with an alleged onset date in July 2014.  Dkt. 11-2 at 16.  The Social Security Administration ("SSA") denied his application at the initial and reconsideration stages.  *Id.*  Administrative Law Judge ("ALJ") Kevin M. Walker held a hearing on February 19, 2019, and later denied Plaintiff's application for benefits.  *Id.* at 16, 36.

In his decision, the ALJ followed the five-step sequential evaluation in 20 C.F.R. § 404.1520(a)(4) and concluded that Plaintiff was not disabled.  *Id.* at 17.  Specifically, the ALJ found that:

- At Step One, Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Dkt. 11-2 at 18.

- At Step Two, he had "the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the bilateral knees, hypertension, chronic venous insufficiency with edema in the feet and ankles, obesity, depression, anxiety, and cannabis use disorder."  *Id.*

- At Step Three, he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  *Id.* at 19.

- After Step Three but before Step Four, he had the RFC "to perform sedentary work . . . except lifting, carrying, pushing and pulling 20 pounds occasionally and 10 pounds frequently; standing or walking for 2 hours in an 8-hour workday; sitting for up to 6 hours in an 8-hour workday; occasional climbing of ramps or stairs; no climbing of ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling, and only occasional interaction with co-workers and the public."  *Id.* at 23.

- At Step Four, Plaintiff "is unable to perform any past relevant work."  *Id.* at 34.

- At Step Five, considering Plaintiff's "age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy" that he can perform. *Id.* at 35.

## II.
## Applicable Law

"The SSA provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). When an applicant seeks judicial review of a benefits denial, the Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)–(v), evaluating in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). After step three, but before step four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). The ALJ uses the RFC at step four to determine whether the claimant can perform

3

her own past relevant work and, if not, at step five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(e), (g).

If the ALJ committed no legal error and substantial evidence supports the ALJ's decision, the Court must affirm the benefit denial. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard or is not supported by substantial evidence, a remand for further proceedings is typically appropriate. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).

## III.
## Analysis

Plaintiff argues that although the ALJ found moderate limitations in concentration, persistence, and maintaining pace, he did not properly use these findings in his RFC analysis or his hypothetical questions to the vocational expert. Dkt. 13 at 20. The Commissioner responds that the ALJ properly assessed Plaintiff's limitations and that restricting Plaintiff to unskilled jobs adequately accommodated moderate limitations in concentration, persistence, and pace. Dkt. 14 at 11–12.

The ALJ found that Plaintiff "has [a] moderate limitation" in concentrating, persisting, or maintaining pace. Dkt. 11-2 at 22. A "moderate limitation" means that a person's ability to function "independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00F(2)(c) (May 14, 2021). However, the ALJ's opinion does not show that he took Plaintiff's limitations into account in the RFC analysis. In determining a claimant's RFC, "the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even

4

those that are not 'severe.'" SSR 96-8p, 1996 SSR LEXIS 5, at *14; *Villano*, 556 F.3d at 563.

The Commissioner contends that Plaintiff has not identified "any medical source opinion or other objective evidence that would support greater restrictions in these areas." Dkt. 14 at 12. However, the ALJ concluded that Plaintiff had a moderate limitation in concentration, persistence, and pace based in part on Plaintiff's reports that he "did not finish what he started" and had "low motivation" and "concentration problems." Dkt. 11-2 at 22, 29. The ALJ also gave "great weight" to the findings reached by the State psychological consultant Dr. Hill, who found that Plaintiff had moderate limitations in concentrating, persisting or maintaining pace after conducting a Psychiatric Review Technique assessment. *Id.* at 32. The ALJ noted that Dr. Hill's findings were "consistent with the record as a whole," and that they were affirmed by Dr. Neville, Ph.D. *Id.*

Once a claimant convinces an ALJ of a limitation supported by the record, the ALJ must consider that limitation, no matter how mild, in the RFC analysis. *See Villano*, 556 F.3d at 563 (ALJ "must consider all of the claimant's impairments, including impairments that are not severe."). The ALJ thus erred when he failed to consider this limitation in the RFC. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 621 (7th Cir. 2010) (remand required where ALJ did not "refer expressly to limitations on concentration, persistence, and pace.").

As with the RFC analysis, the ALJ's hypothetical question to the vocational expert ("VE") did not mention Plaintiff's limitations in concentrating,

5

persisting, or maintaining pace.  The ALJ's decision expressly states: "I note that while a moderate limitation was found in concentrating, persisting, or maintaining pace, a limitation was not included in the hypothetical residual functional capacity given to the vocational expert." Dkt 11-2 at 34.  But "[a]gain, and again, [the Seventh Circuit] ha[s] said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical questions presented to the [vocational expert] must account for these limitations."  *Winsted v. Berryhill*, 923 F.3d 472, 476–77 (7th Cir. 2019) (listing cases).  When an ALJ's hypothetical does not adequately capture a claimant's restrictions on concentration, persistence, and pace, district courts should remand the ALJ's decision.  *See, e.g., Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014) (holding that hypothetical question to VE limiting claimant to performance of "simple, routine tasks" improperly failed to account for that claimant's "temperamental deficiencies and limitations in concentration, persistence, and pace").

 Here, the ALJ's first hypothetical to the VE referred only to Plaintiff's physical limitations, to which the VE responded with available jobs for a person with those limitations.  Dkt. 11-2 at 78–79.  The ALJ then introduced a second hypothetical adding a "limitation of occasional interaction with co-workers and the public." *Id.*  This additional limitation did not change the jobs listed by the VE.  *Id.* at 80.  Neither hypothetical mentioned Plaintiff's limitations in concentration, persistence, and pace.  *See Brinley v. Berryhill*, 732 F. App'x 461, 466 (7th Cir. 2018).  And nothing in the record "shows that the VE

independently reviewed the medical record or heard testimony directly addressing those limitations." *O'Connor-Spinner*, 627 F.3d at 619.

The ALJ's decision stated that excluding Plaintiff's moderate limitation in concentration, persistence, and pace in the hypothetical to the VE was "a moot point as the jobs listed by the vocational expert are all unskilled [SVP-2] jobs." Dkt. 11-2 at 34. However, the VE's identification of unskilled work was based solely on Plaintiff's physical limitations and, as the ALJ's decision expressly notes, it did not account for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace. *Id.* The Seventh Circuit has repeatedly held that limiting plaintiffs to unskilled work does not adequately address limitations in concentration, persistence, or pace. *See O'Connor-Spinner*, 627 F.3d at 620 ("[E]mploying terms like simple, repetitive tasks on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace."); *see also Stewart v. Astrue*, 561 F.3d 679, 684–85 (7th Cir. 2008) ("[L]imiting hypothetical to simple, routine tasks did not account for limitations of concentration, persistence and pace . . . .").

Because the ALJ's hypothetical referenced only physical restrictions, the VE's responsive list of unskilled jobs did not account for all of Plaintiff's limitations. *See Jelinek v. Astrue*, 662 F.3d 805, 813 (7th Cir. 2011); *Craft v. Astrue*, 539 F.3d 668, 677 (7th Cir. 2008) (RFC for "unskilled" work . . . by itself does not provide any information about [Plaintiff's] mental condition or abilities."). Therefore, because the ALJ did not include Plaintiff's difficulties

with concentration, persistence, and pace, remand is necessary.  See *Winsted*, 923 F.3d at 477.[3]  The Court's remand should not be interpreted as expressing any views as to the merits of Plaintiff's claim for benefits, but only as an instruction to address all of Plaintiff's limitations.

### IV.
### Conclusion

The Court **REVERSES AND REMANDS** the ALJ's decision denying the Plaintiff benefits.  Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 8/31/2021

                                  James Patrick Hanlon
                                  United States District Judge
                                  Southern District of Indiana

Distribution:

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Kirsten Elaine Wold
HANKEY LAW OFFICE
kew@hankeylaw.com

---

[3] Because the ALJ's failure to properly address Plaintiff's limitations in concentration, persistence, or pace requires remand, the Court declines to address Plaintiff's argument regarding fatigue or the necessity of elevating his legs.